CSD 1160 [05/15/03]
Name, Address, Telephone No., & I.D. No.
  JaVonne M. Phillips, Esq., SBN 187474
  Christelle N. Ramseyer, Esq., SBN 265571
  McCarthy & Holthus, LLP          P: (619) 685-4800
  1770 Fourth Avenue               F: (619) 685-4810
  San Diego, CA 92101

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-5991

| | |
|---|---|
| In re<br>  Laura Flores,<br><br>                                              Debtor. | BANKRUPTCY NO. 10-00966-PB13 |
| Arch Bay Holdings, LLC-Series 2008B, its assignees and/or successors, and the servicing agent, Marix Servicing LLC<br>                                         Moving Party | RS No. CNR-1 |
| Laura Berenice Flores, Debtor; and David L. Skelton, Chapter 13 Trustee; and Green Tree, Junior Lien,<br><br>                                         Respondent. | Chapter No. 13 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
☒ **REAL PROPERTY**        ☐ **PERSONAL PROPERTY**

Movant, Arch Bay Holdings, LLC-Series 2008B, its assignees and/or successors, and the servicing agent, Marix Servicing LLC in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1. A Petition under ☐ 7  ☐ 11  ☐ 12  ☒ 13 was filed on **01/22/2010**

2. Procedural Status:
   a. ☒   Name of Trustee Appointed (if any): David L. Skelton

   b. ☐   Name of Attorney of Record for Trustee (if any):

   c. ☒   (*Optional*) Prior Filing Information:
          Debtor has previously filed a Bankruptcy Petition on: 12/11/2009
          If applicable, the prior case was dismissed on: 02/25/2010
   d. ☒   (*If Chapter 13 case*): Chapter 13 Plan was confirmed on   or a confirmation hearing is set for 08/25/2010.

Movant alleges the following in support of its Motion:

1. ☒ The following real property is the subject of this Motion:
   a.     Street Address of the property including county and state:

          13125 Lamplite Lane
          Lakeside, CA 92040

          San Diego County

   b.     Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved);

          SINGLE FAMILY RESIDENCE

   c.     Legal description of property is attached as **Exhibit "A"**

CSD 1160

CSD 1160 (Page 2) [05/15/03]

    d.    If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local bankruptcy Rule 4001-2(a)(4) as Exhibit B.

    e.    *Fair market value of property as set forth in the Debtor's schedules: $348,460.56

    f.    *Nature of Debtor's interest in the property:

        Owner

2. ☐ The following personal property is the subject of this Motion (*describe property*):

    a.    Fair market value of the property as set forth in the Debtor's schedules: $ _____

    b.    Nature of Debtor's interest in the property:

3. *Fair market value of property according to Movant: $348,460.56

4. *Nature of Movant's interest in the property: Holder of Beneficial Interest Under First Deed of Trust.

5. *Status of Movant's loan:

    a.    Balance owing on date of Motion for Relief:    $540,276.51
    b.    Amount of monthly payment:    $2,898.97
    c.    Date of last payment:    Applied to 09/01/2008
    d.    If real property:
        i.    Date of Default:    10/01/2008
        ii.    Notice of Default recorded on:    01/28/2009
        iii.    Notice of Sale published on:    05/26/2009
        iv.    Foreclosure sale currently scheduled for:
    e.    If personal property:
        i.    Pre-petition default:    $ _____    No. of months: _____
        ii.    Post-petition default:    $ _____    No. of months: _____

  a.    (*If Chapter 13 Case, state the following*)
    a.    Date of post-petition default:    02/01/2010
    b.    Amount of post-petition default:    $14,758.13

  b.    Encumbrances:
    a.    Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount | # of Months | Post-Petition Arrearages Total Amount | # of Months |
|---|---|---|---|---|---|
| 1st: Movant | $ 457,667.76 | $ 67,850.62 | 16 | $ 14,758.13 | 3 |
| 2nd: Green Tree | $ 120,289.71 | $ | | $ | |
| 3rd: | $ | $ | | $ | |
| 4th: | $ | $ | | $ | |
| Totals for all Liens: | $ 577,957.47 | $ 67,850.62 | 16 | $ 14,758.13 | 3 |

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
        ☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5)
CSD 1160

CSD 1160 (Page 3) [05/15/03]

    c.   Relief from the automatic stay should be granted because:

        a.   ☒ Movant's interest in the property described is not adequately protected.

        b.   ☒ Debtor has no equity in the ☒ real property ☐ personal property described above and such property is not necessary to an effective reorganization.

        c.   ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

            i.   the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

            ii.   the Debtor/Trustee has

                (1)   ☐ not commenced monthly payments to each creditor whose claim is secured by the Property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

                (2)   ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditor's interest in the property.

        d.   ☒ *Other cause exists as follows (*specify*): Failure to make post petition payments. ☐ See attached page.

Movant attaches the following:

1.   ☒   Other relevant evidence: Declaration required by Local Bankruptcy Rules 4001-2(a)(4).

2.   ☐   (*Optional*) Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue and Order granting the following:

  ☒   Relief as requested. Please see **Attachment "1"**

  ☒   Other: That the fourteen-day stay described in Bankruptcy Rule 4001(a)(3) be waived.

Dated: May 6, 2010                                               /s/ Christelle N. Ramseyer
                                                                                             [Attorney for] Movant, Christelle N. Ramseyer, Esq.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5)
CSD 1160

CSD 1160 (Page 4) [05/15/03]

# ATTACHMENT "1" TO MOTION FOR RELIEF FROM AUTOMATIC STAY

Relief as Requested (Page 3, WHEREFORE Item 1)

    The Moving Party, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

\*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5)
CSD 1160